STATE OF HAWAI`I, Plaintiff-Appellee,
v.
HARRY P. SALVADOR, Defendant-Appellant.
No. 28136
Intermediate Court of Appeals of Hawaii.
March 31, 2008.
Katie L. Lambert, Deputy Public Defender, for Defendant-Appellant.
Daniel H. Shimizu, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and LEONARD, JJ.
On March 16, 2005, the District Court of the First Circuit (district court) entered a judgment sentencing Defendant-Appellant Harry Salvador (Salvador) to, inter alia, a one year term of probation. At a hearing on March 1, 2006,[1] the State of Hawaii (State) orally moved to revoke Salvador's probation, and the district court "note[d] the filing of the motion."
The State did not file a written motion to revoke Salvador's probation until May 31, 2006, after Salvador had completed his term of probation. The district court heard the motion on August 2, 2006.[2] The district court found that the motion was timely, and revoked Salvador's probation. Salvador now appeals from the August 2, 2006 Notice of Entry of Judgment and/or Order that revoked his probation and resentenced him to an additional one-year term of probation and a fine of $1,000, with credit for $650 already paid by Salvador during his initial term of probation.
On appeal, Salvador argues:
(1) The district court erred in finding that it had jurisdiction to revoke Salvador's probation. Because the State failed to file a written motion to revoke during Salvador's original term of probation, Salvador was "discharged from all obligations upon expiration of the probation period."
(2) The trial court abused its discretion in revoking probation based on the probation officer's affidavit. Because Salvador did not stipulate to his subsequent convictions, the probation officer's presence was necessary to identify Salvador as the person who committed the violations, and to substantiate the information in the report.
(3) The trial court abused its discretion in conducting the revocation hearing in the probation officer's absence, as the officer's absence denied Salvador of his "constitutional right to confront his accuser.
After a careful review of the record and the briefs submitted by the parties,[3] and having given due consideration to the arguments advanced and the issues raised, we resolve Salvador's first point of error as follows:
The State concedes, and we agree, that the district court lacked jurisdiction to revoke Salvador's probation because the State did not file a written motion to revoke until after Salvador's term of probation had ended. When read together, Hawaii Revised Statutes (HRS) §§ 706-625 (Supp. 2007), 706-627 (1993), and 706-630 (Supp. 2007) require the filing of a written motion during the term of probation. See Commentary on HRS § 706-627 ("written notice, the right to be represented by counsel, and the right to controvert and be heard upon the evidence, are provided by this section"); cf. State v. Brighter, 106 Hawai`i 391, 401-02, 105 P.3d 1197, 1207-08 (App. 2005) (district court lacked jurisdiction to revoke a suspended sentence when the State did not file a motion to revoke until two months after the term of the suspended sentence had ended). Since the written motion was not filed until after the term of probation had ended, the district court lacked jurisdiction to revoke Salvador's probation. HRS § 706-630. In view of our resolution of this issue, we do not reach Salvador's other points of error.
Accordingly,
IT IS HEREBY ORDERED that the August 2, 2006 Judgment of the District Court of the First Circuit is reversed.
NOTES
[1] The Honorable Christopher McKenzie presided.
[2] The Honorable T. David Woo, Jr. presided.
[3] The Court notes that counsel for Salvador failed to sign the opening brief as required by Hawaii Rules of Appellate Procedure (HRAP) Rule 32(c). Counsel is reminded to comply with HRAP Rule 32(c) in future filings with this court.